FILED

DEC 13 2006

CLERK
U. S. DISTRICT COURT
M D D L E DIST. OF ALA

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
| v. | ) CR. NO. 2:06cr0071-MEF |
|  | ) [18 U.S.C. § 371 |
| BERNETTA LASHAY WILLIS, | ) 18 U.S.C. § 641 |
| a/k/a "Nettie," "Hot Girl," | ) 18 U.S.C. § 2 |
| "Hottie," "Hi-Girl," "LaShay," | ) 18 U.S.C. § 1028A |
| CRYSTAL DENISE PHILLIPS, | ) 18 U.S.C. § 287 |
| a/k/a "Bootie Boo, | ) 18 U.S.C. § 1341 |
| LAURA PHILLIPS, | ) 18 U.S.C. § 3147 |
| a/k/a "Goobe," and | ) 18 U.S.C. § 1512(a)(2)(A) |
| LITASHA WASHINGTON, | ) 21 U.S.C. § 924(c)(1)(A) |
| a/k/a "Tasha." | ) 18 U.S.C. § 841(a)(1) |
|  | ) 18 U.S.C. § 1001] |
|  | ) |
|  | ) SECOND |
|  | ) SUPERCEDING INDICTMENT |

The Grand Jury charges:

## INTRODUCTION

At all times relevant to this Indictment:

1.     The Federal Emergency Management Agency ("FEMA") is an agency of the United States Department of Homeland Security. FEMA's responsibilities include, among other things, providing disaster assistance to individuals in areas which have been declared a major disaster.

2.     On August 29, 2005, Hurricane Katrina made landfall in the Gulf Coast Region of the United States. On that date, the President of the United States declared that a major disaster existed in portions of Alabama, Louisiana, and Mississippi. As a result

of that declaration, people in the affected areas were eligible to apply for disaster assistance from FEMA.

3.      On September 24, 2005, Hurricane Rita made landfall near the Louisiana-Texas border.  On that date, the President of the United States declared that a major disaster existed in portions of Louisiana and Texas.  As a result of that declaration, people in the affected areas were eligible to apply for disaster assistance from FEMA.

4.      Different forms of disaster assistance were made available by FEMA for those people located in the affected areas.  Because many people were displaced by Hurricanes Katrina and Rita, FEMA provided a streamlined process for victims to receive expedited assistance in the form of a $2,000 disbursement.  FEMA later provided rental assistance of up to $2,358, along with other forms monetary assistance to those who qualified.

5.      To obtain such assistance, a person could apply by calling a toll-free telephone number for FEMA, by sending an application over the Internet, or by applying in person.  Each applicant for expedited assistance was asked to provide their name, social security number, current and pre-disaster addresses, and telephone numbers, among other things.  If approved, an applicant could choose whether to receive their FEMA disaster assistance by a check that would be mailed to an address selected by the applicant or by a wire transfer that would be sent to a bank account selected by the applicant.

6.      The only people entitled to receive disaster assistance from FEMA for Hurricanes Katrina or Rita were those people whose primary residence was located in one

of the areas that was designated as being affected adversely by one of those declared major disasters. At no time was any county in the Middle District of Alabama included in the areas of the country for which residence were eligible to obtain disaster assistance from FEMA for Hurricanes Katrina or Rita.

7.     The defendants, Bernetta Lashay Willis, Crystal Denise Phillips, Laura Lee Phillips, and Litasha Washington each resided within the Middle District of Alabama. None lived in any of the areas of the country for which residents were eligible to obtain disaster assistance from FEMA for Hurricanes Katrina or Rita.

8.     Additionally, each of the defendants are or were either blood relations or a co-habitat with Willis: Laura Phillips is Willis's aunt; Crystal Phillips is Willis's cousin; and Washington was Willis's co-habitant.

## COUNT 1 – CONSPIRACY

9.     The allegations contained in paragraphs 1 through 8 of this Indictment are hereby realleged and incorporated herein by reference.

## THE CONSPIRACY AND ITS OBJECTS

10.     From on or about September 5, 2005, and continuing until on or about January 20, 2006, the exact days being unknown to the Grand Jury, in the Middle District of Alabama and elsewhere, the defendants,

**BERNETTA LASHAY WILLIS,**
**CRYSTAL DENISE PHILLIPS,**
**LAURA LEE PHILLIPS, and**
**LITASHA WASHINGTON,**

-3-

did combine, conspire, confederate, and agree among themselves and each other, and

other persons both known and unknown to the Grand Jury, to make and present, and

cause to be made and presented, to a department and agency of the United States, claims

upon and against the United States, and agency thereof, knowing such claims to be false,

fictitious, and fraudulent, contrary to Title 18, United States Code, Sections 287 and 2.

## MANNER AND MEANS OF THE CONSPIRACY

11.    It was part of the conspiracy that Crystal Phillips, Laura Phillips, and

Washington, along with other persons known and unknown to the Grand Jury, would,

with the assistance of Willis, file false claims in order to defraud FEMA from funds

intended for Hurricane Katrina victims and for which they were not entitled.  Nearly all of

the addresses claimed came from the same street–Whitney Avenue in Harvey,

Louisiana–on which an unindicted co-conspirator lived prior to Hurricane Katrina.  In

applying for aid, the defendants would often use the social security numbers of others or

non-existent social security numbers.

## OVERT ACTS

12.    In order to effect the object of the conspiracy, Willis, Crystal Phillips, Laura

Phillips, and Washington, along with other persons known and unknown to the Grand

Jury, did a number of overt acts in the Middle District, including:

13.    On or about September, 2005, the exact date being unknown to the Grand

Jury, Crystal Phillips requested personal information from an unindicted co-conspirator

for a fraudulent FEMA claim.  Willis later filed that claim on behalf of the same

unindicted co-conspirator. That claim was filed using Whitney Avenue in Harvey,
Louisiana as the damaged street address.

14.    On or about September, 2005, the exact date being unknown to the Grand
Jury, Willis and Crystal Phillips assisted an unindicted co-conspirator to create and
provide false documents to support a false FEMA claim.

15.    On or about September, 2005, the exact date being unknown to the Grand
Jury, Willis provided Washington with a doctored lease agreement to support a false
FEMA claim. Willis previously provided a nearly identical lease agreement to justify a
false claim to agents of the Department of Homeland Security. The lease was for an
apartment complex on Whitney Avenue in Harvey, Louisiana.

16.    On or about January 14, 2006, the exact date being unknown to the Grand
Jury, Washington provided Willis a FEMA check in the amount $14,116.05 in
Washington's name to be deposited into Willis's account. The check came from a FEMA
claim which was filed using a Whitney Avenue, Harvey, Louisiana address as the
damaged street address.

17.    On or about September 18, 2005, Laura Phillips provided information to
Willis so that Willis could file a false claim in Laura Phillips's name. That claim was
filed using a Whitney Avenue, Harvey, Louisiana as the damaged street address and city.
Later, Willis and Laura Phillips traveled to a check cashing store, where Washington and
Willis had previously cashed checks.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2–6 – THEFT OF GOVERNMENT PROPERTY

18.    The allegations contained in paragraphs 1 through 17 of this Indictment are hereby realleged and incorporated herein by reference.

19.    On or about September 9 and 15, 2005, respectively, Washington, caused to be filed with the Federal Emergency Management Agency ("FEMA"), an agency within the United States Department of Homeland Security, two separate applications for benefits in connection with Hurricane Katrina, one in the name of Litasha R. Washington; the other in the name Litasha L. Washington.  The claims falsely represented that Washington had suffered losses to a property she rented as her primary residence on Whitney Avenue in Harvey, Louisiana.  In fact, Washington resided with Willis in Montgomery, Alabama, did not reside in Louisiana, and did not suffer the losses claimed. At least two of the claims were directly deposited into Willis's bank accounts.

20.    On or about the dates set forth below, in Montgomery County, within the Middle District of Alabama, and elsewhere, defendants,

### BERNETTA LASHAY WILLIS and
### LITASHA WASHINGTON,

did, while aiding and abetting and while being aided and abetted by each other and other persons both known and unknown to the Grand Jury, embezzle, steal, purloin, and knowingly convert to their own use money and things of value of the United States and of a department and agency thereof, in an amount in excess of $1,000, as described below:

| COUNT | DATE | ITEM |
|-------|------|------|
| 2 | 09/12/2005 | FEMA disaster assistance funds in the amount of $2,000. |
| 3 | 09/22/2005 | FEMA disaster assistance funds in the amount of $2,000. |
| 4 | 09/29/2005 | FEMA rental assistance funds in the amount of $2,358. |
| 5 | 09/30/2005 | FEMA rental assistance funds in the amount of $2,358. |
| 6 | 01/20/2006 | FEMA housing repair funds in the amount of $14,116.05. |

All in violation of Title 18, United States Code, Section 641.

## COUNT 7 – AGGRAVATED IDENTITY THEFT

21.    The allegations contained in paragraphs 1 through 20 of this Indictment are hereby realleged and incorporated herein by reference.

22.    On or about September 9, 2005, continuing through on or about January 20, 2006, in the Middle District of Alabama and elsewhere,

### BERNETTA LASHAY WILLIS and
### LITASHA WASHINGTON,

did, while aiding and abetting and while being aided and abetted by each other and other persons both known and unknown to the Grand Jury, knowingly possessed and used, without lawful authority, a means of identification of another person, that is, a social security account number ending in the numbers 5232.

All in violation of Title 18, United States Code, Sections 1028(a)(1) and 2.

## COUNTS 8-9 – FALSE CLAIMS

23.    The allegations contained in paragraphs 1 through 22 of this Indictment are hereby realleged and incorporated herein by reference.

24.    From, in or about September, 2005 through on or about December 19, 2005, in the Middle District of Alabama and elsewhere, the defendants,

### BERNETTA LASHAY WILLIS and
### CRYSTAL DENISE PHILLIPS,

did, while aiding and abetting and while being aided and abetted by each other and other persons both known and unknown to the Grand Jury, make and present, and cause to be made and presented, to a department and agency of the United States, the following claims upon and against the United States, and agency thereof, knowing such claims to be false, fictitious, and fraudulent:

| COUNT | DATE | ITEM |
|-------|------|------|
| 8 | 09/24/2005 | Crystal Phillips's FEMA disaster assistance claim number 921401999, which was attempted to be direct deposited into Willis's account |
| 9 | 09/16/2005 | FEMA disaster assistance funds in the amount of $2,000 on behalf of a co-conspirator. |

All in violation of Title 18, United States Code, Sections 287 and 2.

## COUNT 10 – AGGRAVATED IDENTITY THEFT

25.    The allegations contained in paragraphs 1 through 24 of this Indictment are hereby realleged and incorporated herein by reference.

26.    In or about September, 2005, in the Middle District of Alabama and
elsewhere, the defendants,

**BERNETTA LASHAY WILLIS and
CRYSTAL DENISE PHILLIPS,**

did, while aiding and abetting and while being aided and abetted by each other and other

persons both known and unknown to the Grand Jury, knowingly possess and use, without

lawful authority, a means of identification of another person, that is, a social security

account number ending in the numbers 9120.

All in violation of 18 United States Code, Sections 1028(a)(1) and 2.

## COUNTS 11–12 – FALSE CLAIMS

27.    The allegations contained in paragraphs 1 through 26 of this Indictment are
hereby realleged and incorporated herein by reference.

28.    From, in or about September, 2005 through on or about December 19, 2005,
in the Middle District of Alabama and elsewhere, the defendant,

**CRYSTAL DENISE PHILLIPS,**

did, while aiding and abetting and while being aided and abetted by each other and other

persons both known and unknown to the Grand Jury, make and present, and cause to be

made and presented, to a department and agency of the United States, the following

claims upon and against the United States, and agency thereof, knowing such claims to be

false, fictitious, and fraudulent:

| COUNT | DATE | ITEM |
|-------|------|------|
| 11 | 09/24/2005 | FEMA disaster assistance claim number 931316156 |
| 12 | 10/02/2005 | FEMA disaster assistance claim number 931524204 |

All in violation of Title 18, United States Code, Sections 287 and 2.

## COUNT 13 – MAIL FRAUD

29.    The allegations contained in paragraphs 1 through 28 of this Indictment are hereby realleged and incorporated herein by reference.

30.    From in or about September 2005 through on or about December 19, 2005, in the Middle District of Alabama, and elsewhere, the defendant,

### CRYSTAL DENISE PHILLIPS,

aiding and abetting and aided and abetted by others known and unknown to the grand jury, did devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, which scheme and artifice is described in substance below.

31.    On or about September 21, 2005, Crystal Phillips caused to be filed with FEMA, an agency within the United States Department of Homeland Security, an application for benefits in connection with Hurricane Katrina (the "First Application"), which falsely represented that Crystal Phillips had suffered losses to a property she rented as her principal residence on Whitney Avenue in Harvey, Louisiana. In fact, Crystal Phillips did not reside in Louisiana and did not suffer the losses claimed.

32.     On or about September 22, 2005, in response to the First Application, FEMA caused a United States Treasury check in the amount of $2000 (the "First Check") to be mailed to Crystal Phillips in Montgomery, Alabama.

33.     On or about September 24, 2005, Crystal Phillips attempted unsuccessfully to cash the First Check at a check cashing store. The check cashing store retained the identification that Crystal Phillips provided–a State of Alabama identification card–and turned it over to law enforcement authorities.

34.     On or about September 25, 2005, Crystal Phillips caused to be filed with FEMA an application for benefits in connection with Hurricane Katrina (the "Second Application"), which falsely represented that Crystal Phillips had suffered losses to a property she rented as her principal residence on Whitney Avenue in Harvey, Louisiana. In fact, Crystal Phillips did not reside in Louisiana and did not suffer the losses claimed.

35.     On or about September 30, 2005, Crystal Phillips applied for and obtained a replacement  Alabama identification card.

36.     On or about December 13, 2005, in response to the Second Application, FEMA caused a United States Treasury check in the amount of $2000 (the "Second Check") to be mailed to Crystal Phillips in Montgomery, Alabama.

37.     On or about December 19, 2005, Crystal Phillips caused the Second Check to be cashed at a Wal Mart store in Prattville, Alabama.

38.     On or about September 22, 2005, in Montgomery County, within the Middle District of Alabama, and elsewhere,

-11-

**CRYSTAL DENISE PHILLIPS,**

for the purpose of executing the above described scheme and artifice and attempting to do

so knowingly and willfully placed and caused to be placed in a post office and authorized

depository for mail, and took and received therefrom, a United States Treasury check

payable to "Crystal Phillip" in the amount of $2,000, mailed to Montgomery, Alabama, in

violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 14 – MAIL FRAUD WHILE ON PRETRIAL RELEASE

39.     The allegations set forth in paragraphs 1 through 38 this Indictment are

hereby realleged as if set forth herein.

40.     On or about November 15, 2005, an indictment was returned against Crystal

Phillips in the United States District Court for the Middle District of Alabama, Case No.

2:05cr268-WHA, relating to the First Application.

41.     On or about November 21, 2005, Crystal Phillips was released on a $25,000

unsecured appearance bond pursuant to the provisions of Title 18, United States Code,

Chapter 207.

42.     On or about December 13, 2005, in Montgomery County, within the Middle

District of Alabama, and elsewhere,

**CRYSTAL DENISE PHILLIPS,**

while released on an unsecured appearance bond pursuant to the provisions of Title 18,

United States Code, Chapter 207, for the purpose of executing the scheme and artifice

previously described in Count 13 and attempting to do so knowingly and willfully placed

-12-

and caused to be placed in a post office and authorized depository for mail, and took and received therefrom, a United States Treasury check payable to "Crystal Phillips" in the amount of $2,000, mailed to Montgomery, Alabama, in violation of Title 18, United States Code, Sections 1341, 3147, and 2.

### COUNTS 15-16 – THEFT OF GOVERNMENT PROPERTY

43.     The allegations contained in paragraphs 1 through 42 of this Indictment are hereby realleged and incorporated herein by reference.

44.     On or about September 18, 2005, Laura Phillips and Willis caused to be filed with the FEMA, an agency within the United States Department of Homeland Security, an application for benefits in Laura Phillips's name in connection with Hurricane Katrina, which falsely represented that Laura Phillips had suffered losses to a property she rented as her primary residence on Whitney Avenue in Harvey, Louisiana. In fact, Laura Phillips did not reside in Louisiana and did not suffer the losses claimed.

45.     FEMA accepted Laura Phillips's application and caused United States Treasury checks in the amount of $2,000 and $2,358, respectively, to be mailed to Laura Phillips in Montgomery, Alabama.  Phillips received the checks and cashed them.

46.     On or about the dates set forth below, in Montgomery County, within the Middle District of Alabama, and elsewhere,

**BERNETTA LASHAY WILLIS and**
**LAURA LEE PHILLIPS,**

-13-

did, while aiding and abetting and while being aided and abetted by each other and other

persons both known and unknown to the Grand Jury, embezzle, steal, purloin, and

knowingly convert to her own use money and things of value of the United States and of a

department and agency thereof, in an amount in excess of $1,000, as described below:

| COUNT | DATE | ITEM |
|-------|------|------|
| 15 | September 19, 2005 | FEMA disaster assistance funds in the amount of $2,000. |
| 16 | September 28, 2005 | FEMA disaster assistance funds in the amount of $2,358. |

All in violation of Title 18, United States Code, Section 641 and 2.

### COUNT 17 – AGGRAVATED IDENTITY THEFT

47.    The allegations contained in paragraphs 1 through 46 of this Indictment are

hereby realleged and incorporated herein by reference.

48.    In or about September 18, 2005 through on or about September 28, 2005, in

the Middle District of Alabama and elsewhere, the defendants,

### BERNETTA LASHAY WILLIS and
### LAURA LEE PHILLIPS,

did, while aiding and abetting and while being aided and abetted by each other and other

persons both known and unknown to the Grand Jury, knowingly possess and use, without

lawful authority, a means of identification of another person, that is, a social security

account number ending in the numbers 2652.

-14-

All in violation of Title 18 United States Code, Sections 1028(a)(1) and 2.

### COUNTS 18-24 – THEFT OF GOVERNMENT PROPERTY

49.    The allegations contained in paragraphs 1 through 48 of this Indictment are hereby realleged and incorporated herein by reference.

50.    On or about September 5, 2005, Willis, under the name Bernetta L. Willis, caused to be filed with FEMA, an agency within the United States Department of Homeland Security, an application for benefits in connection with Hurricane Katrina, which falsely represented that she had suffered losses to a property she rented as her primary residence on Whitney Avenue in Harvey, Louisiana.  In fact, Willis did not reside in Louisiana and did not suffer the losses claimed.

51.    On or about September 13, 2005, Willis, under the name Bernetta R. Willis, caused to be filed with FEMA a second application for benefits in connection with Hurricane Katrina.  This application also falsely represented that she had suffered losses to a different property she rented as her primary residence on Whitney Avenue in Harvey, Louisiana.  Again, Willis did not reside in Louisiana and did not suffer the losses claimed.

52.    On or about September 21, 2005, Willis, under the name Beretta S. Willis, caused to be filed with FEMA a third application for benefits in connection with Hurricane Katrina.  This application also falsely represented that she had suffered losses to a different property she rented as her primary residence on Whitney Avenue in Harvey, Louisiana.  Again, Willis did not reside in Louisiana and did not suffer the losses claimed.

53.     FEMA accepted Willis's three separate applications and caused five

separate United States Treasury checks, three in the amount of $2,000 and two in the

amount of $2,358, respectively, to be mailed to her in Montgomery, Alabama. Willis

received all of the four checks and cashed each of them. The fifth was electronically

transferred to her bank account at Southtrust Bank.

54.     Moreover, on or about October 17, 2005, Willis cashed a FEMA disaster

assistance check in the amount of $2,000, which was made out to her brother, Jacob

Warner, and which was mailed to Willis's residence in Montgomery, Alabama. Willis

deposited the check into her account at Southtrust Bank.

55.     Finally, on or about September 25, 2005, Willis cashed a FEMA disaster

assistance check in the amount of $2,000, which was made out to her brother's girlfriend,

Ian Allen. Willis deposited the check into her account at Southtrust Bank.

56.     On or about the dates set forth below, in Montgomery County, within the

Middle District of Alabama, and elsewhere, defendant

### BERNETTA LASHAY WILLIS,

did embezzle, steal, purloin, and knowingly convert to her own use money and things of

value of the United States and of a department and agency thereof, in an amount in excess

of $1,000, as described below:

| COUNT | DATE | ITEM |
|-------|------|------|
| 18 | 09/12/2005 | FEMA disaster assistance funds in the amount of $2,000. |
| 19 | 09/29/2005 | FEMA disaster assistance funds in the amount of $2,358. |
| 20 | 09/19/2005 | FEMA disaster assistance funds in the amount of $2,000. |
| 21 | 09/30/2005 | FEMA disaster assistance funds in the amount of $2,358. |
| 22 | 09/23/2005 | Electronic deposit of FEMA disaster assistance funds in the amount of $2,000. |
| 23 | 09/25/2005 | FEMA disaster assistance funds in the amount of $2,000 made out to Ina Allen. |
| 24 | 10/17/2005 | FEMA disaster assistance funds in the amount of $2,000 made out to Jacob Warner. |

All in violation of Title 18, United States Code, Section 641.

## COUNTS 25-26 – AGGRAVATED IDENTITY THEFT

57.    The allegations contained in paragraphs 1 through 56 of this Indictment are hereby realleged and incorporated herein by reference.

58.    In or about September 5, 2005 through on or about October 17, 2005, in the Middle District of Alabama and elsewhere, the defendant,

-17-

**BERNETTA LASHAY WILLIS,**

did, while aiding and abetting and while being aided and abetted by other persons both

known and unknown to the Grand Jury, knowingly possess and use, without lawful

authority, a means of identification of another person, that is the following a social

security account numbers:

| COUNT | DATE | LAST FOR DIGITS OF SOCIAL SECURITY NO. |
|-------|------|----------------------------------------|
| 25 | September 13, 2005 | 5677 |
| 26 | September 25, 2006 | 9222 |

All in violation of Title 18 United States Code, Sections 1028(a)(1).

### COUNT 27 – THREATENING OF A WITNESS

59.     The allegations contained in paragraphs 1 through 58 of this Indictment are

hereby realleged and incorporated herein by reference.

60.     On or about January 23, 2006, in Montgomery County, within the Middle

District of Alabama, and elsewhere, defendant

**BERNETTA LASHAY WILLIS,**

did use physical force and the threat of physical force against Valarie Howard, and

attempted to do so, with intent to influence, delay, and prevent Howard's testimony

relating to alleged FEMA fraud in an official proceeding in violation of Title 18,

United States Code, Section 1512(a)(2)(A).

## COUNT 28 – USE OF GUN DURING A CRIME OF VIOLENCE

61.    The allegations contained in paragraphs 1 through 60 of this Indictment are hereby realleged and incorporated herein by reference.

62.    On or about January 23, 2006, in Montgomery County, within the Middle District of Alabama, and elsewhere, defendant

### BERNETTA LASHAY WILLIS,

during and in relation to a crime of violence for which she may be prosecuted in a court of the United States, that is, threatening a witness as charged in Count 27 of the Indictment, did use and carry and, in furtherance of said crime, possess a firearm, and did brandish a firearm, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and (ii).

## COUNT 29 –DISTRIBUTION OF A CONTROLLED SUBSTANCE

63.    The allegations contained in paragraphs 1 through 62 of this Indictment are hereby realleged and incorporated herein by reference.

64.    From a date being unknown to the Grand Jury, and continuing through on or about January 27, 2006, in Montgomery County, Alabama, in the Middle District of Alabama, and elsewhere, defendant,

### BERNETTA LASHAY WILLIS,

defendants herein, did knowingly and intentionally attempt to possess with intent to distribute marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 30 – POSSESSION OF A FIRARM IN RELATION TO DISTRIBUTION OF A CONTROLLED SUBSTANCE

65.    The allegations contained in paragraphs 1 through 64 of this Indictment are hereby realleged and incorporated herein by reference.

66.    From an unknown date and continuing up to on or about January 27, 2006, the exact dates being unknown to the Grand Jury, in Montgomery County, within the Middle District of Alabama,

### BERNETTA LASHAY WILLIS,

defendant herein, used and carried firearms during and in relation to and possessed firearms in furtherance of, a drug trafficking crime for which she may be prosecuted in a Court of the United States, to-wit:  possession with intent to distribute marijuana as charged in Count 29 of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 31 – FALSE STATEMENTS

67.    The allegations contained in paragraphs 1 through 66 of this Indictment are hereby realleged and incorporated herein by reference.

68.    On or about November 15, 2006, in the Middle District of Alabama and elsewhere, defendant,

-20-

## BERNETTA WILLIS,

did knowingly and willfully make a materially false, fictitious, and fraudulent statement

and representation in a matter within the jurisdiction of the United States Marshals, a

component of the Department of Justice, an agency within the executive branch of the

United States, in that the defendant, in response to questions posed to her by Deputy

United States Marshals, repeatedly stated falsely that her co-defendant Litasha

Washington was not in her residence.  In fact, as Willis well knew, Washington was

hiding in the shower of the master bedroom of Willis's house.

All in violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL:

Foreperson

LEURA G. CANARY
United States Attorney

CHRISTOPHER A. SNYDER
Assistant United States Attorney